UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PSHATOIA LaROSE,

                Plaintiff,

        -against-

SEAN COMBS, ET AL.,

                Defendants.

24-CV-8908 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Lanham Act, also known as the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* By order dated February 24, 2025, ECF No. 5, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff, who resides in Atlanta, Georgia, brings this action against (1) Sean Combs; (2) Combs Enterprises; (3) Combs Global; (4) Sean Combs Capital; (5) Ciroc; (6) Deleon Tequila; (7) Bad Boy Entertainment; (8) Revolt Media and TV LLC; (9) Bad Boy Records; (10) Epic Records; (11) Capital Preparatory Charter School; (12) Love Records; (13) the Sean Combs Foundation; and (14) Sean John.

In the complaint, Plaintiff asserts that Sean Combs and various entities affiliated with him misappropriated and infringed on her intellectual property in violation of the DTSA and Lanham Act.  She further alleges that Defendants invaded her privacy, harassed and stalked her, stole from her, hacked her phone data, and illegally tapped her phone.  Plaintiff maintains that Defendants "have reused [her] phone contents for inspiration to create products including Ciroc bottle color ways, music graphics, CD covers, music videos, [and] social media post[s]."  (ECF 1, at 8-9.)

Plaintiff previously filed in this court an action against all but one of the same defendants she sues here.[1]  *See LaRose v. Combs*, No. 24-CV-3464 (LTS).  By order dated August 21, 2024, Chief Judge Laura Taylor Swain dismissed that action for failure to state a claim on which relief

---

[1] Plaintiff did not name Combs Global as a defendant in the prior action.

may be granted, but granted Plaintiff 30 days' leave to replead her claims in an amended complaint. (ECF 1:24-CV-3464, 6.) Specifically, Chief Judge Swain determined that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include enough facts to state a claim for relief "that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and, to the extent Plaintiff sought to initiate criminal proceedings against Defendants, she could not do so because such decisions rest entirely within the discretion of the prosecutor, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (per curiam).

On September 13, 2024, Plaintiff filed an amended complaint in that action. (ECF 1:24-CV-3464, 7.) Plaintiff's amended complaint in No. 24-CV-3464 is virtually identical to the complaint she filed in this action.[2] By order dated October 28, 2024, Chief Judge Swain dismissed the amended complaint for the same reasons she dismissed the original complaint, that is, for failure to state a claim on which relief may be granted. (ECF 1:24-CV-3464, 8.) The Clerk of Court entered judgment on October 31, 2024. (ECF 1:24-CV-3464, 9.)

## DISCUSSION

### A.   Claim Preclusion

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved, if that case resulted in a judgment on the

---

[2] The complaint forms used in each case contain identical language. The only differences between the two pleadings are the addition of Defendant Combs Global in this action, and that the amended complaint in No. 24-CV-3464 included as attachments various blurry screen shots of websites, messages, and images on Plaintiff's phone.

3

merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 590 U.S. at 412 (citations and internal quotation marks omitted)).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation omitted).[3]

The elements of claim preclusion are satisfied here with respect to all Defendants except, possibly, Combs Global.[4] First, Plaintiff's prior action was dismissed for failure to state a claim

---

[3] Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

[4] Although Combs Global was not a party to Plaintiff's prior action, claim preclusion can apply when two cases involve parties who are in privity with each other. *See Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). The Second Circuit has held that

4

on which relief may be granted, which is a dismissal on the merits. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) ("[D]ismissal for failure to state a claim operates as 'a final judgment on the merits and thus has res judicata effects.'" (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Second, with the exception of Combs Global, all parties in this action were also parties in the prior action. Third, Plaintiff's previous action was heard by this court, which is a court of competent jurisdiction to hear Plaintiff's claims under federal law. Finally, not only were the causes of action in each case the same, the operative pleadings in both actions are also identical.

Plaintiff's claims against all defendants except Combs Global are therefore precluded based on her previous litigation of the same claims in *LaRose v. Combs*, No. 24-CV-3464 (S.D.N.Y. Oct. 31, 2024). Accordingly, the Court dismisses Plaintiff's claims against these defendants as barred by the doctrine of claim preclusion.

**B.    Claims Against Combs Global**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual

---

"the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) (citation omitted). Because Plaintiff provides no information about Combs or Combs Global in either the complaint in this action or the complaint and amended complaint in No. 24-CV-3464 that would allow the Court to determine if the two parties are in privity, the Court will assume for the purposes of this order that claim preclusion does not bar her claims against Combs Global.

allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (citation omitted). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and internal quotation marks omitted).

A complaint that fails to comply with Rule 8 may be dismissed. *See Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-0519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (Stanton, J.) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (Sprizzo, J.) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a [c]ourt sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Here, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint does not provide Combs Global with information about the events that allegedly violated her rights. The complaint does not allege facts describing what Combs Global is or how it was involved in the events giving rise to her claims. The complaint does not mention Combs Global at all. To the extent that Combs Global is affiliated with Defendant Sean Combs, Plaintiff alleges no facts providing context for her allegations that Combs, on his own or through any of his alleged entities, including Combs Global, misappropriated or infringed on her intellectual property through the use of information from her phone and conversations. The Court therefore dismisses Plaintiff's claims against Combs Global for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Plaintiff has already had an opportunity to amend her claims against Combs and his various entities in No. 24-CV-3464, and she has failed to cure the deficiencies in her pleadings.  Nothing in this complaint or the pleadings in No. 24-CV-3464 suggests that Plaintiff can state a claim against Combs Global.  The Court therefore declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the doctrine of claim preclusion based on Plaintiff's previous litigation of the same claims in *LaRose v. Combs*, No. 24-CV-3464 (S.D.N.Y. Oct. 31, 2024), and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 16, 2025
           New York, New York

                                             /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                           United States District Judge